12-3329-cr
U.S. v. Escobar

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand thirteen.

PRESENT:     GERARD E. LYNCH,
             SUSAN L. CARNEY,
             CHRISTOPHER F. DRONEY,
                       *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                   *Appellee*,

         v.                                        No. 12-3329-cr

LUIS ESCOBAR, also known as "Curramba," "Amaretto,"

                                   *Defendant-Appellant*,

LUIS HERNANDO GOMEZ BUSTAMENTE, also known as "Rasguno," ARCANGEL DE JESUS HENAO MONTOYA, also known as "El Mocho," ORLANDO SABOGAL ZULUAGA, also known as "El Mono Sabogal," "Caraqueso," "Alberto Sabogal," JAIME MAYA DURAN, also known as "Alejandro," JHONNY CANO CORREA, also known as "Flechas," "Santiago," ALDEMAR RENDON, also known as "Mechas," JOSE DAGOBERTO FLORE RIOS, also known as "Chuma,"

GILBERTO SANCHEZ MONSALVE, also known as "Vitamina," ABELARDO ROJAS, also known as "El Mono," JUAN CARLOS GIRALDO FRANCO, also known as "Tortuga," DAVINSON GOMEZ O'CAMPO, also known as "Gordo," JAIME ROJAS FRANCO, MARTA AGUDELO CASTANO, also known as "Marta Cano," JULIA AGUDELO CASTANO, CARLOS ALBERTO GOMEZ, also known as "El Nino," "Cejas," JOSE LUIS VALLEJO, ARIEL RODRIGUEZ, also known as "El Diablo," JUAN CARLOS PATINO RESTREPO, also known as "Patemuro," GABRIEL VILLANUEVA, also known as "Truchi," HECTOR ALONSO SALAZAR MALDONADO, also known "Tornillo," JAIR RENDON, also known as "Negro Jair," PEDRO BERMUDEZ, also known as "El Arguiticto,"

*Defendants*.[*]

_____

**FOR APPELLANT:**    ALESSANDRA DEBLASIO, ESQ., New York, New York.

**FOR APPELLEE:**    ALLEN L. BODE, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Luis Escobar appeals from the district court's sentence of 150 months' imprisonment and five years of supervised release following his guilty plea to

_____

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

2

conspiracy to distribute and import at least five kilograms of cocaine in violation of 21 U.S.C. § 963. On appeal, Escobar argues that his sentence was both substantively and procedurally unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's sentence to ensure that it is both procedurally and substantively reasonable. United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court errs procedurally by, among other things, miscalculating the applicable sentencing guideline range, considering conduct that is irrelevant under the applicable guidelines, or giving insufficient consideration of the factors set out in 18 U.S.C. § 3553(a). Id. at 190. A district court's sentence is substantively unreasonable only if it "cannot be located within the range of permissible decisions." Id. at 189 (internal quotation marks omitted).

Escobar argues that his sentence was procedurally unreasonable for two reasons. First, he argues that the district court erred by deeming a narcotics conviction over fifteen-years old relevant to his ultimate sentence. A district court has broad discretion to consider a defendant's background when constructing an appropriate sentence. This includes his past convictions. To be sure, the United States Sentencing Guidelines limit the types of past convictions that contribute to a defendant's criminal history score. See U.S.S.G. § 4A1.2. But no such restriction applies to a court's assessment of the factors listed in 18 U.S.C. § 3553. Thus, when a sentencing court turns from calculating a guideline range to determining a sentence, it may consider any information "concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." United States v. Broxmeyer, 699 F.3d 265, 268

3

(2d Cir. 2012) (quoting 18 U.S.C. § 3661). The district court believed that Escobar's narcotics conviction raised his risk of recidivism, and it acted within its authority when it decided that such a risk called for a harsher punishment.[1]

Second, Escobar argues that the district court erred by refusing to impose a sentence similar to those received by other members of the same conspiracy. Under 18 U.S.C. § 3553(a)(6), courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Although a sentencing court must consider sentencing disparities when deciding upon an individual's sentence, nothing requires the court to value this factor above all others. The district court acknowledged that Escobar was receiving a higher sentence than his co-defendants, but determined that the unique circumstances of his case merited a longer period of incarceration.

Escobar next argues that his sentence was substantively unreasonable. But the district court's sentence of 150 months' imprisonment was below the recommended guidelines range of 292 to 365 months, and thus was well within the range of sentences imposed for similar conduct. Under these circumstances, we cannot conclude that the district court abused its discretion in imposing a sentence well below the bottom of the guidelines recommended range.

---

[1] Escobar argues that the district court's use of the word "require" in stating its conclusion that the prior conviction was relevant to sentencing implies that it did not know it had the discretion to put that conviction aside. Read in context, however, the district court's choice of words suggests the opposite: The court noted that "even if" Escobar's sentence was too old to impact his criminal history score under the guidelines, the conviction still "appear[ed] to the court" to be "something that would require a more punitive sentence." In other words, the court correctly explained the distinction between a mandatory calculation under the guidelines, and a discretionary judgment regarding a final sentence.

4

Finally, Escobar argues that the district court erred in refusing to consider his motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). Escobar's Rule 35 motion asserted arguments identical to those he makes on appeal. As our circuit has noted, Rule 35 "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred." United States v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995) (quoting Fed. R. Crim. P. 35 advisory committee note). Even assuming that Escobar's arguments could appropriately be raised on a Rule 35 motion – a proposition we find highly doubtful – the district court did not err in determining that the very arguments we have rejected above as meritless did not demonstrate any "obvious error or mistake" in his sentence.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5